UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RACHEL SHANNON CARTWRIGHT, | ) | |
| | ) | CASE NO. 14-59020-JRS |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF PLAN & MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. SECTION 109(g)(1)**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and Objects to Confirmation of the Plan and files this Motion to Dismiss Case under 11 U.S.C. Sections 1307(c), 109(g), 349(a), and 105(a), for cause, including the following reasons:

1. Debtor has failed to attend the 11 U.S.C. Section 341 Hearing.

2. The Plan, as proposed, will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

4. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

5. In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $400.00 monthly income from AFLAC payments and Debtor's non-filing spouse's $3,900.00 monthly income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

6. The Debtor proposes to retain real property with pre-petition arrearage of $45,000.00, Homeowner's Association arrears of $6,604.00 and no equity, while paying unsecured creditors a zero percent (0%) dividend. Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

8. Pursuant to information received from the Internal Revenue Service, 2008, 2009, and 2013 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the good faith and feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d), 1325(a)(3), 1325(a)(6), and 1325(a)(9).

9. Debtor's Statement of Financial Affairs Question Number 1 is inaccurate and/or incomplete; the Trustee is unable to fully evaluate good faith and feasibility of the proposed plan. 11 U.S.C. Sections 1325(a)((3), 1325(a)(6), and/or 1325(a)(7).

10. Debtor has filed five (5) previous unsuccessful Bankruptcy Cases, being Chapter 13 Case Number 06-61293 filed February 6, 2006 and dismissed after confirmation January 9, 2007; Chapter 13 Case Number 08-80188 filed October 7, 2008 and dismissed prior to confirmation January 9, 2009; Chapter 13 Case 09-71725 filed May 4, 2009 an dismissed prior to confirmation pursuant to 11 U.S.C. Section 109(g) July 21, 2009, among other issues, Debtor failed to appear at the Meeting of Creditors; Chapter 13 Case Number 10-89836 filed October 4, 2010 and dismissed prior to confirmation pursuant to 11 U.S.C. Section 109(g) January 5, 2011, among other issues, Debtor failed to appear at the Meeting of Creditors; and Chapter 7 Case Number 11-81586 filed October 31, 2011 and closed without a discharge on June 13, 2012 because Debtor failed to file the Financial Management Course certificate. Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice; thereby, rendering the Debtor ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

WHEREFORE, the Trustee moves the Honorable Court to inquire into the above objections at the separately scheduled and noticed Confirmation Hearing, deny Confirmation of the Debtor's Chapter 13 Plan and dismiss the case pursuant to 11 U.S.C. Sections 105(a) and 109(g); thereby, rendering the Debtor ineligible from re-filing another Chapter 13 Case for one hundred eighty (180) days.

/s/ Adam M. Goodman
Adam M. Goodman
Standing Chapter 13 Trustee
GA Bar No. 300887

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RACHEL SHANNON CARTWRIGHT, | ) | |
| | ) | CASE NO. 14-59020-JRS |
| | ) | |
| DEBTOR. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

    RACHEL SHANNON CARTWRIGHT
    630 BECKENHAM WALK DRIVE
    DACULA, GA 30019

ATTORNEY FOR DEBTOR:

    SAEDI LAW GROUP, LLC.
    3006 CLAIRMONT ROAD
    SUITE 103
    ATLANTA, GA 30329

the above in the foregoing matter with a copy of this Objection to Confirmation of Plan and Motion to Dismiss Case by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 13th day of May 2014.


/s/Adam M. Goodman
Adam M. Goodman,
Standing Chapter 13 Trustee
GA Bar No. 300887


Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444